IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONALD E. SMITH and KAREN L. SMITH, <br><br>   Plaintiffs, <br><br> v. <br><br> FIRST AMERICAN MORTGAGE TRUST a/k/a, d/b/a NXTLOAN.COM, Corp, M&T BANK, 1st CONTINENTAL MORTGAGE, INC., and REO LAND SERVICES, INC., <br><br>   Defendants. | CIVIL ACTION NO.: <br> 1:09-cv-00381-CG-N |

## M&T BANK'S AMENDED ANSWER AND COUNTERCLAIM AGAINST DONALD E. SMITH AND KAREN L. SMITH

**COMES NOW** M&T Bank ("M&T") and with the consent of the Plaintiffs amends its Answer and asserts a Counterclaim as follows:

### RULE 15 PRELIMINARY STATEMENT

Fed.R.Civ.P. 15 (a)(2) permits a party to amend its pleading with leave of court or "with the opposing party's written consent . . . ."

Counsel for the Smiths, on behalf of the Smiths, has provided written consent for the filing of this Amended Answer and Counterclaim.

### AMENDED ANSWER

M&T incorporates herein its Answer and Affirmative Defenses as if fully set forth herein.

### THIRTEENTH DEFENSE

The claims against M&T have been released by the plaintiffs pursuant to a specific settlement agreement and release dated November 19, 2008.

## COUNTERCLAIM

### JURISDICTION

1.      The Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship between M&T (a New York state chartered bank with its principal place of business in New York) and the Smiths (citizens of Alabama) and the amount in controversy exceeds $75,000.00.  This Court also has jurisdiction over the Counterclaim to the extent that it is a compulsory counterclaim pursuant to Fed.R.Civ.P. 13.  In addition, the Court has jurisdiction over the declaration sought herein pursuant to 28 U.S.C. §§ 2201-2202.

### FACTUAL ALLEGATIONS

2.      On or about August 4, 2008, the Smiths signed a Note and Mortgage in connection with the purchase of certain real property located in Mobile County, Alabama with a property address of 3970 Blakewood Drive, Semmes, Alabama 36575.  True and correct copies of the Note and Mortgage are attached hereto in Exhibit "A."

3.      The Note and Mortgage were subsequently assigned to M&T.

4.      The Smiths have defaulted on their obligations under the Note and Mortgage.

5.      As of June 1, 2009, the Smiths owed $266,229.40, consisting of a principal balance of $255,073.87, interest from November 1, 2008 through May 31, 2009 at a rate of 6.625% in the amount of $9,857.54, escrow advance of $568.47, accumulated late charges of $456.76 and $64.00 in other fees.  Interest continues to accrue at the rate of 6.625% per year ($16,898.64 per year or $1,408.22 per month).

6.      The Smiths were provided notice of their default, notice of acceleration of the Note and Mortgage, and notice of the commencement of foreclosure under the terms of the Mortgage by letter dated June 3, 2009.

7.      The foreclosure sale was scheduled for July 17, 2009.

8.      Foreclosure proceedings were stopped after M&T learned of the present lawsuit filed by the Smiths.

9.      The Smiths are also obligated to pay attorney's fees in connection with a default on the Note and Mortgage as more fully set forth therein.

10.      The Smiths have defaulted on their obligations under the Note and Mortgage by failing to pay amounts owed under the Note and Mortgage and/or by failing to pay amounts owed under the Note and Mortgage in a timely fashion.

11.      The Note and Mortgage provide for certain remedies in the event of default, including acceleration of the debt and the right to foreclose on the property.

### RELIEF SOUGHT

12.      Based on the foregoing, M&T requests the following:

    a.    Judgment in the principal amount of $255,073.87; interest of $14,082.20 for the period June 1, 2009 through August 31, 2009 and continuing to accrue at the rate stated above; related fees in the amount of $520.76; escrow advance of $568.47; other related fees which have accrued and/or will continue to accrue; reasonable attorneys' fees and expenses; and costs of this action.

    b.    A declaration that M&T is entitled to foreclose under the Mortgage.

Respectfully submitted,

/s/*Harlan F. Winn, III*
Harlan F. Winn, III (ASB-7322-N73H)
Jon H. Patterson (ASB-4981-J69P)
Attorneys for M&T Bank

**OF COUNSEL:**

**BATTLE FLEENOR GREEN
  WINN & CLEMMER LLP**
The Financial Center
505 North 20th Street
Suite 1150
Birmingham, Alabama 35203
Telephone: (205) 397-8160
Fax: (205) 397-8179
Email: hwinn@bfgwc.com
       jpatterson@bfgwc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Earl P. Underwood, Jr.
P.O. Box 969
21 South Section St.
Fairhope, Alabama 36533
Telephone:  251.990.5558
Facsimile:  251.990.0626
E-mail: epunderwood@alalaw.com
*Counsel for Plaintiffs*

Gregory S. Ritchey
Ritchey, Simpson & Glick, PLLC
The Mountain Brook Center
2700 Highway 280, Suite 203W
Birmingham, AL 35223-2468
Telephone:  205.876.1600
Facsimile:  205.876.1616
*Counsel for First American Trust, d/b/a NXTLoan.com, Corp.*

And, I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: NONE

/s/*Harlan F. Winn, III*
OF COUNSEL