**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DONALD E. SMITH**, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CASE: 1:09-cv-00381-CG-N |
| ) | |
| **FIRST AMERICAN MORTGAGE TRUST,** ) | |
| a/k/a. d/b/a NXTLOAN.COM, Corp., *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

ANSWER TO COUNTERCLAIM

Now come the Plaintiffs and as answer to the counterclaim of M&T Bank ("M&T") state as follows:

1. The Smiths admit this court has jurisdiction over the dispute between M&T and themselves.

2. Admitted.

3. Denied.

4. Denied because the Smiths have rescinded the transaction under 15 U.S.C. § 1635.

5. Denied because the Smiths have rescinded the transaction.

6. Admitted as to receipt only, otherwise denied.

7. Admitted.

8. Admitted that the foreclosure was stopped but otherwise denied.

9. Denied. Plaintiffs do not owe any attorneys fees because the transaction has been rescinded.

10. Denied, the transaction was rescinded by the Smiths.

11. Admitted, but Plaintiffs deny that M&T has any right or standing to foreclose their mortgage or bring this counterclaim.

## AFFIRMATIVE DEFENSES

12. Plaintiffs plead the allegations in their complaint and any amended complaint in defense hereto.

13. M&T is not the real party in interest and has no standing to bring this counterclaim.

14. M&T has no legal title to the subject real property and has no standing to bring its claims or foreclose.

15. M&T has failed to state a claim upon which relief may be granted.

16. M&T has failed to mitigate its damages.

17. M&T's claim for relief is barred by the equitable doctrines of estoppel and/or waiver.

18. M&T's claim for relief is barred by the equitable doctrine of unclean hands.

19. M&T has not complied with the Code of Alabama § 6-5-251 et. seq.

20. M&T has not complied with Code of Alabama § 6-6-280.

21. The contract is void or unenforceable, pursuant to Code of Alabama § 10-2B-15.02(a), because M&T has not qualified to do business in Alabama.

22. The loan was not in default and therefore the acceleration was improper and in violation of the parties' contract.

23. The M&T failed to put Plaintiffs into a modification agreement, which would have cured any alleged default.

24. M&T as servicer of the loan failed to offer pre-foreclosure loss mitigation as required by the Pooling and Servicing Agreement or a PSA that covers the transaction.

25. Plaintiffs reserve the right to amend their answer after discovery.

Respectfully submitted this 27th day of October 2009.

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UNDEE6591)
Counsel for Plaintiffs
epunderwood@gmail.com
Law Offices of Earl P. Underwood, Jr.
PO Box 969
Fairhope AL 36533
251-990-5558 Telephone

CERTIFICATE OF SERVICE

I hereby certify that on October 27th 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gregory S. Ritchey
Ritchey Simpson & Glick, PLLC
The Mountain Brook Center
2700 Highway 280 Suite 203 W
Birmingham, AL 35223-2468

Harlan F. Winn, III
Battle, Fleenor Green Winn & Clemmer, LLP
The Financial Center
Ste 1150, 505 North 20th St.
Birmingham, AL 35203

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.