IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONALD E. SMITH, *et al.*, | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 09-00381-KD-N |
| | ) |
| FIRST CONTINENTAL MORTGAGE, | ) |
| INC., *et al.*, | ) |
|     Defendants. | ) |

### ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment against Defendant First Continental Mortgage, Inc., ("FCM") (Doc. 61). Plaintiffs seek entry of a default judgment against Defendant FCM on the grounds that said defendant has failed to plead, answer, or otherwise defend <u>the original complaint</u>.

**I.**   **Background**

Plaintiffs initiated this litigation on July 6, 2009 by filing a complaint against certain defendants including FCM, alleging that the defendants violated federal laws including the *Truth-in-Lending Act,* 15 U.S.C. § 1601 *et seq*. and the *Real Estate Settlement Procedures Act*, 12 U.S.C. § 2601 *et seq*., by acting negligently and charging padded and duplicative fees and closing costs and/or failing to disclose closing costs which resulted in accurate calculations of finance charges and an understatement of annual percentage rates. (Doc. 1). FCM was served with a copy of the summons and complaint, via certified mail, on July 13, 2009, directing FCM to answer the complaint within 20 days after service of the summons; service was perfected on July 16, 2009. (Doc. 3 at 3; Doc. 5). The record reveals that FCM's answer to the complaint was due by August 3, 2009. (Doc. 5). No answer was filed nor did FCM seek additional time within which to respond.

1

On September 3, 2009, the Court ordered Plaintiffs to, by September 18, 2009, request that the clerk of court enter a default against FCM, or to show cause why they are unable to comply with Rule 55 of the Federal Rules of Civil Procedure.  (Doc. 17).

On September 17, 2009, Plaintiffs' counsel filed an application to the Clerk of Court for entry of a default against FCM for failure to file an answer to the complaint. (Doc. 18). The record reveals that Plaintiffs served FCM with a copy of the application for entry of default, as noted on the Certificate of Service (via first class mail postage prepaid).  (Id. at 3).

On September 17, 2009, the Clerk entered a default against FCM.  (Doc. 20).  The record reveals that a copy of the entry of default order was mailed to FCM on that date.  (Id.)

On November 11, 2009, Plaintiffs filed a First Amended Complaint, naming FCM as a party and asserting allegations and counts (III, IV and V) against FCM in same. (Doc. 34 at 2-12, 15-18). The Certificate of Service on the First Amended Complaint reveals that the Plaintiffs did not serve FCM with a copy of the First Amended Complaint.  (Id.)  *There is no indication in the record that Plaintiffs ever served FCM with a copy of the First Amended Complaint*.

On March 24, 2010, Plaintiffs filed a motion for entry of a default judgment against FCM on the basis that FCM had failed to respond *to the original complaint,* requesting that judgment be entered against FCM in the amount of $11,498.67 (three times the disputed unearned fees of $3,832.89 pursuant to 12 U.S.C. § 2607(d)(2)), plus post-judgment interest. (Doc. 61; Doc. 66; see also Docs. 57-58).  The record reveals that Plaintiffs did not serve FCM with a copy of the motion, per the Certificate of Service.

**II.     Discussion**

As evidenced by the Court's review of the record and the Affidavit filed in support of Plaintiffs' motion for entry of a default judgment against FCM, Plaintiffs seek entry of a default judgment against FCM for its failure to respond *to the original complaint*. Additionally, Plaintiffs make no mention of the existence of the First Amended Complaint, or their failure to serve FCM with same. Moreover, while Plaintiffs have secured a default against FCM for failure to answer the original complaint, Plaintiffs have not sought (or secured) entry of a default against FCM for failure to answer the First Amended Complaint.

Plaintiffs' filing of a First Amended Complaint reset this entire case because an amended complaint completely supersedes an original complaint. See, e.g., Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 at note 1 (11th Cir. 1999) (noting that "[a]n amended complaint supersedes an original complaint[]"); Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) (stating that "[u]nder the Federal Rules, an amended complaint supersedes the original complaint[]"). See also e.g., Williams v. Aircraft Workers Worldwide, Inc., Slip Copy, 2010 WL 2105108, *1 at note 1 (S.D. Ala. May 24, 2010) (providing that [i]t is well settled that the Amended Complaint supersedes the original Complaint in its entirety, such that the Amended Complaint is plaintiff's sole operative pleading in this case"). Further, a party's failure to serve an amended complaint precludes entry of default judgment with regard to same. See, e.g., Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1368 (11th Cir. 1982) ("Rule 4, and Rule 5(a) as it applies to parties in default for failure to appear, reflect a policy that a defendant should receive notice of all claims for relief upon which a court may enter judgment against him . . . . [w]hether the notice be that an action has commenced or that the moving party has added a new or additional claim for relief against a party in default for failure to appear, the need for notice is the

3

same[]"); Padron Warehouse Corp. v. Realty Associates Fund III, L.P., 377 F. Supp. 2d 1259, 1275 (S.D. Fla. 2005) (citing Varnes)).

Accordingly, in order for Plaintiffs to secure the relief they seek, they must first serve a copy of the First Amended Complaint on FCM, and then, *if* FCM fails to respond to the amended complaint, they may apply for entry of a default and subsequently move for default judgment (as to FCM's failure to respond or otherwise answer *the First Amended Complaint*).

Based on the foregoing, it is hereby **ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. 61) is **DENIED.**

**DONE** and **ORDERED** this the **28th** day of **July 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**