IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DONALD E. SMITH, *et al.*,  )
    Plaintiffs,  )
        )
vs.  )    CIVIL ACTION NO. 09-00381-KD-N
        )
FIRST CONTINENTAL MORTGAGE,  )
INC., *et al.*,  )
    Defendants.  )

**ORDER**

This matter is before the Court on First American Mortgage Trust, d/b/a NXTLOAN.COM Corp. ("First American")'s Renewed Motion for Default Judgment against First Continental Mortgage, Inc., ("FCM") (Doc. 81) and First American's Petition for Damages, Attorney Fees and Costs (Doc. 59) related to same.

On July 23, 2010, this Court denied First American's motion for default judgment because there was no indication in the record that notice of the default proceedings had been provided to FCM. (Doc. 68). In that Order, the Court ordered that First American must first serve FCM via certified mail with a copy of its Application for Entry of Default and the Clerk's Entry of Default. (Id. at 4). The Order provided that FCM then had until August 20, 2010, within which to appear or file any responsive pleading, and that upon the expiration of that date, if FCM failed to appear or otherwise respond, First American could file a new motion for default judgment. (Id.) After serving FCM at its "known addresses"[1] with a copy of the Application for Entry of Default and the Clerk's

---

1 First American served FCM at two (2) known addresses (per Docs. 79-80, on August 9th and 11th) in addition to serving the Agent for Service of Process because "the agent claimed that it was in the process of resigning as the Registered Agent and that it did not have contact information" for FCM. (Doc. 81 at 4 (Aff. of G. Ritchey)).

1

Entry of Default (Doc. 73, 79, 80), First American filed the pending Renewed Motion for Default Judgment against FCM on August 25, 2010.[2] (Doc. 81). To date, FCM has neither appeared in this case nor responded to the entry of default. As such, the Court is satisfied that First American has provided FCM with notice of the default proceedings and that FCM has failed to appear or otherwise respond.

However, the Court is not presently in a position to enter a default judgment (and/or damages per Doc. 59) against FCM. This is because First American has not addressed the propriety of entry of such judgment (and/or damages) against FCM *under Massachusetts law*.[3] The Independent Broker Agreement governing the terms of the relationship between First American and FCM – and the basis for First American's Cross-Claim against FCM -- provides that "[t]his Agreement shall be governed by the laws of the State of Massachusetts." (Doc. 44-1 at 9 at ¶20). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam) (emphasis omitted).

---

[2] First American did not serve FCM with a copy of the Renewed Motion. Because, however, FCM has been notified that a default was entered against it (Doc. 79-80) and yet has still failed to appear or otherwise respond, the Court is satisfied that FCM has received notice of the default proceedings such that additional notice (via service of the Renewed Motion) under the circumstances of this case is not required.

[3] On January 13, 2010, First American filed a Crossclaim against FCM. (Doc. 44; Doc. 47). First American's cross-claims against FCM relate to FCM's execution of an "Independent Broker Agreement" through which FCM "agreed to, among other things, indemnify and defend First American against lawsuits and claims set forth in the original Complaint, including paying for attorney fees and costs incurred by First American." (Doc. 44 at 18; Doc. 44-1 (Independent Broker Agreement)). First American contends that "in reasonable reliance" on this Agreement and FCM's "promise to comply" with same, it "went forward with the closing of the loans" at issue in this case. (Doc. 44 at 19). First American claims that FCM (and REO) are liable for all of the claims asserted against it by Plaintiffs, and that FCM (and REO) are required to indemnify and defend First American. (Id.) Based upon these allegations, First American asserts cross-claims for common law indemnity (Count One), implied contractual indemnity (Count Two) and breach of agreement (Count Three) against FCM. (Id. at 19-21).

Accordingly, it is **ORDERED** that First American is **GRANTED LEAVE** to file separate **SUPPLEMENTS** to both its Renewed Motion for Default Judgment (Doc. 81) and Petition for Damages, Attorney Fees and Costs (Doc. 59), on or before **September 28, 2010,** setting for the basis for the relief sought against FCM under the terms of the Independent Broker Agreement and governing Massachusetts law. In so doing, the Court notes that any Supplement to the damages petition (Doc. 59) should specify and differentiate which damages, fees and costs are sought as to only FCM (versus REO or any other party) as well as provide the necessary information in support of same and as required under Massachusetts law. Failure to do so may result in delaying resolution of this matter and/or denial of the damages, fees and costs requested.

**DONE** and **ORDERED** this the **14th** day of **September 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**